**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jamie-Arturo: Grijalva,<br><br>                              Plaintiff,<br><br>                    -v-<br><br>Kathryn L. Coward, Support Magistrate, Suffolk County Family Court, Office of Temporary and Disability Assistance (OTDA), Division of Child Support Services,<br><br>                              Defendants. | 2:24-cv-6365<br>(NJC) (ST) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is a Complaint filed by Jamie-Arturo Grijalva ("Grijalva"), acting pro se, against Support Magistrate Kathryn L. Coward ("Support Magistrate Coward"), the Suffolk County Family Court ("SC Family Court"), and the Office of Temporary and Disability Assistance, Division of Child Support Services ("OTDA" and collectively, "Defendants") filed together with a motion to proceed *in forma pauperis* ("IFP"). (Compl., ECF No. 1; IFP Mot., ECF No. 2.) Upon review of Grijalva's submissions, the Court grants the IFP motion and dismisses the Complaint without prejudice as set forth below pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) and Federal Rule of Civil Procedure 12(h)(3).

## BACKGROUND

Grijalva commenced this action on September 9, 2024, by filing a Complaint against the Defendants using the Court's complaint form for civil rights violations. (Compl.) The same day, Grijalva also filed a motion to proceed IFP. (IFP Mot.)

I.      **The Complaint**

Grijalva seeks to invoke this Court's federal question subject matter jurisdiction by alleging that his claims against the Defendants are brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl. ¶ II.A.) More specifically, Grijalva claims that he was unlawfully arrested, subjected to "unreasonable seizures," and was deprived of due process in relation to an underlying state court child support proceeding. (*Id.*, ¶ II.B.) The Complaint alleges that, while at the Suffolk County Family Court in Central Islip, New York, on or about August 27 and on "different dates" of an unspecified year, Grijalva suffered a deprivation of his constitutional rights. (*Id.* ¶ III A.–B.) Grijalva claims the following:

> MAGISTRATE KATHRYN L. COWARD ACTING IN BEHALF OF HER EMPLOYER THE CHILD SUPPORT The ("IV-D Agency" means the "alone" detached and disconnected organizational unit ["iN"] the State that has the responsibility for administering or supervising the administration of its plan under title IV-D of the Act.) TRIED IMPOSING AND ENFORCING AN ORDER TO PAY WITH OUT MY CONSENT OR KNOWING MY FINANCIAL STATUS LEADING TO MY DEPRAVATION OF FREEDOM.

(*Id.* ¶ II.D.)[1] Grijalva names Coward as a defendant in her individual and official capacities. (*Id.* ¶ I.B.) In its entirety, Grijalva's "Statement of Claim" alleges the following facts:

> A AM A PRIVATE PERSON, ON NUMEROUS OCCASIONS I FILED AFFIDAVITS AND NOTICES WITH OUT REPLY. I ALSO FILED SEVERAL CRIMINAL COMPLAINTS WITH NO ANSWER. I TOLD MAGISTRATE COWARD ON SEVERAL OCCASIONS THAT I DO NOT GIVE EXPRESSED NOR IMPLIED CONSENT OR AGREE TO ANY PROCEEDING AS A LIVING MAN MUST. I ALSO EXPLAINED TO KATHRYN L. COWARD THAT I AM A LIVING HUMAN BEING, MAN NOT A CITIZEN DEFINED BY THE 14TH AMENDMENT. THAT THE IMPLIED JAIME ARTURO GRIJALVA IDENTIFIED BY SOCIAL SECUIRTY NUMBER [XXX-XX-XXX] IS AN ESTATE FOR WHICH I AM THE BENEFICIARY, AND SOLE FIDUCIARY. THIS RESULTED IN MY BEING KICKED OUT THE ROOM

---

[1] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, or grammar will not be corrected or noted.

2

> TWICE, THEN MAGISTRATE STATED THAT JAIME GRIJALVA WAS
> NOT PRESENT. DECIDING A PAYMENT SHOULD BE MADE MONTHLY
> OF OVER $1000, WITH OUT DETERMINING
> JURISDICTION,PARENTAGE, CUSTODY, FINANCES OR WHATS BEST
> FOR THE FAMILY.   MY BANK ACCOUNT WAS FROZEN AND THE
> MONEY SEIZED.   EVENTUALLY A WARRANT WAS ISSUED, SHERIFFS
> WENT TO MY FIANCE'S ADDRESS HARASSING HER UNDERAGE SON
> AS WELL AS TENANTS ON SEVERAL OCCASIONS AND EVENTUALLY
> WHEN I ATTENDED COURT FOR A CUSTODY HEARING I WAS
> ARRESTED AND HELD AGAINST MY WILL FOR A "CRIME" WITH NO
> INJURED PARTY BY A PRIVAGE AGENCY PRETENDING TO BE A
> STATE AGENGY. THEN I WAS FORCED TO COMPLY UNDER DURESS.

(*Id.* ¶ III.C.) In the space on the form that calls for a description of injuries sustained as a result

of the events alleged, Grijalva alleges:

> PSYCHOLOGICAL, PHYSICAL TRAUMA AND ANGUISH, GOT KICKED
> OUT OF RESIDENCE, FIANCE BROKE THE ENGAGEMENT DUE TO
> SHERIFFS COMING TO HER HOUSE SEVERAL TIMES, I WAS
> ARRESTED IN THE FAMILY COURT BUILDING AND WAS ESCORTED
> THEOUGH THE HALLWAY WERE ALL OTHER FAMILIES WHO WERE
> THERE FOR COURT TO SEE ME BEING PARADED IN HANDCUFFS ARE
> JUST A COUPLE OF MY PSYCHOLOGICAL INJURIES.
>
> DEPRIVATION OF MY NATURAL RIGHTS.

(*Id.* ¶ IV.) For relief, Grijalva seeks to recover a damages award in the sum of $43,565,000. (*Id.*

¶ V.)

## LEGAL STANDARDS

### I.   *In Forma Pauperis*

Upon review of the IFP motion, the Court finds that Grijavla is qualified by his financial

status to commence this action without the prepayment of the filing fee. Therefore, the

application to proceed IFP (IFP Mot., ECF No. 2) is granted.

### II.   Sufficiency of the Pleadings

Where a plaintiff is proceeding IFP, 28 U.S.C. § 1915 instructs that "the court shall

dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Conn. Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 2682 (2024). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The

4

factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Id*.

## DISCUSSION

### I. Section 1983 Claims

Grijalva alleges that his claims are brought pursuant to Section 1983. (Compl. ¶ II.A.) Section 1983 provides redress for constitutional deprivations and provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)); *accord Jean-Baptiste v. U.S. Dep't of Just.*, No. 23-cv-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024) (noting that Section 1983 does not provide an independent source of substantive rights). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See Sykes*, 13 F.3d at 519.

### a. Sovereign Immunity

The Eleventh Amendment to the United States Constitution provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns." *State Emps.' Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (quotation marks and alterations omitted). Eleventh Amendment immunity also extends to suits for money damages against state officials in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."). The doctrine further extends to government entities that are "arms of the state." *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134–35 (2d Cir. 2015).

The Second Circuit Court of Appeals has long held that the New York State Unified Court System is an arm of New York for the purposes of Eleventh Amendment sovereign immunity. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("[E]very court to consider the question of whether the New York State Unified Court System is an arm of the State has concluded that it is, and is therefore protected by Eleventh Amendment sovereign immunity."). Accordingly, the Suffolk County Family Court, which is a part of the New York State United Court System, is an arm of the State of New York. *See id.* Similarly, the OTDA is an arm of the state of New York. *See, e.g.*, *Hines v. Off. of Temp. & Disability Assistance*, No. 21-cv-1183, 2021 WL 5605259, at *3 n. 2 (N.D.N.Y. Nov. 5, 2021) ("Plaintiff may not sue the OTDA under section 1983 because the agency is immune from liability for damages under the Eleventh Amendment.") (citations omitted), *report and recommendation adopted*, No. 21-cv-1183, 2021

6

WL 5585925 (N.D.N.Y. Nov. 30, 2021); *Cincotta v. New York City Hum. Res. Admin*., No. 00-cv-9064, 2001 WL 897176, at *9 (S.D.N.Y. Aug. 9, 2001) ("OTDA and [the New York State Department of Health] are agencies of New York State and thus cannot be sued under Section 1983 and are otherwise immune from suit in federal court under the Eleventh Amendment for the alleged claims in this case."). In addition, Grijalva's official capacity claims against Support Magistrate Coward, a state official, are barred by the Eleventh Amendment's sovereign immunity. *Pacherille v. Burns*, 30 F. Supp. 3d 159, 163 n.5 (N.D.N.Y. 2014) ("The Eleventh Amendment shields judges from suit to the extent that they are sued in their official capacities.").[2]

Thus, Grijalva's claims for money damages against the Defendants are barred by the Eleventh Amendment and are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) and Federal Rule of Civil Procedure 12(h)(3). *See Griffith v. New York State*, No. 5:23-cv-1266, 2024 WL 1641587, at *5 n.4 (N.D.N.Y. Mar. 20, 2024) ("A dismissal based on the doctrine of sovereign immunity, is consequently a dismissal for lack of subject matter jurisdiction.") (citation omitted); *see Wang v. Delphin-Rittmon*, 664 F. Supp. 3d 205, 217 (D. Conn. 2023) ("[S]overeign immunity strips the court of jurisdiction.") (citation omitted).

---

[2] Although the Complaint alleges that Support Magistrate Coward is sued in her official capacity and individual capacity (Compl. ¶ I.B.), the Complaint does not provide any allegations of conduct or inaction attributable to Coward outside of her role as Support Magistrate. Indeed, Grijalva claims that Support Magistrate Coward was "ACTING IN BEHALF OF HER EMPLOYER THE CHILD SUPPORT The ("IV-D Agency")." (*Id*. at ¶ II.D.) Thus, any individual capacity claims against Support Magistrate Coward asserted in the Complaint are not plausible and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

### b. Judicial Immunity

Coward is also shielded from suit under the doctrine of absolute judicial immunity afforded to judicial officers for conduct undertaken in their judicial capacity and within the jurisdiction of the court. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Forrester v. White*, 484 U.S. 219, 225–26 (1988)). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Id.* at 210. "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id*. at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation and would thus lose that independence without which no judiciary can either be respectable or useful." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (citing *Butz v. Economou*, 438 U.S. 478, 506 (1978)) (quotation marks omitted).

Coward's position as a Support Magistrate entitles her to absolute judicial immunity for acts undertaken within her judicial capacity and within the jurisdiction of the Family Court. *See Arce v. Turnbull*, No. 21-cv-642, 2021 WL 5816687, at *1 (2d Cir. Dec. 8, 2021) (affirming district court's dismissal of suit against a New York Family Court Support Magistrate based on absolute judicial immunity); *Chris H. v. New York*, 764 F. App'x 53, 55 (2d Cir. 2019) (same); *Vaughn of Fam. Atkins v. Admin. for Child. & Fams*., No. 24-cv-2970, 2024 WL 3656593, at *5 (S.D.N.Y. July 31, 2024) ("New York Family Court Support Magistrates, as New York State judicial officers, enjoy this judicial immunity when presiding over child-support proceedings."); *Cora v. Wright*, No. 24-cv-263, 2024 WL 450247, at *2–3 (S.D.N.Y. Feb. 5, 2024) ("Because Plaintiff sues Support Magistrate Wright for acts arising out of, or related to, individual cases before her, the doctrine of judicial immunity applies to Plaintiff's claims under Section 1983

against her.") (cleaned up); *Roger of the Fam. Forrest v. 45 C.F.R. § 75.2 IV-D Contractor Steve Banks*, No. 18-cv-10866, 2019 WL 4194332, at *4 (S.D.N.Y. Aug. 30, 2019) (collecting other district court cases within the Second Circuit). The Complaint's allegations, although difficult to comprehend, do not allege that Support Magistrate Coward engaged in any conduct that is outside her judicial capacity or that is judicial in nature but taken in the "absence of jurisdiction." *Mireles*, 502 U.S. at 13; *see also Bliven*, 579 F.3d at 209–10 (describing actions that are judicial in nature). Grijalva's Complaint, liberally construed, does not plausibly allege a basis to overcome absolute judicial immunity. Indeed, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *accord Lewis v. Doe*, No. 23-cv-1934, 2023 WL 3977062, at *2 (S.D.N.Y. June 12, 2023). As a Support Magistrate presiding over child support proceedings, Coward is unquestionably entitled to judicial immunity. Accordingly, Grijalva may not proceed on his claims against Coward and such claims are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

## II.    Domestic Relations Abstention

In *Elk Grove Unified School District v. Newdow*, the Supreme Court stated the following concerning the deference to state law in the area of domestic relations:

> [T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States. . . . So strong is our deference to state law in this area that we have recognized a domestic relations exception that divests the federal courts of power to issue divorce, alimony, and child custody decrees.

542 U.S. 1, 12–13 (2004) (quotation marks and citations omitted), *abrogated on other grounds by Lexmark Int'l Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014); *see also Ex parte Burrus*, 136 U.S. 586, 593–94 (1890) ("[T]he whole subject of[ ]the domestic relations of

husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."); *United States v. Windsor*, 570 U.S. 744, 766 (2013) ("State laws defining and regulating marriage, of course, must respect the constitutional rights of persons; but, subject to those guarantees, regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States.") (quotation marks and citations omitted).

Insofar as the Complaint challenges the state Family Court support proceedings and decisions made therein, this Court abstains from exercising jurisdiction under the domestic relations abstention doctrine. *See, e.g., McArthur v. Bell*, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (dismissing section 1983 action for lack of subject matter jurisdiction even where the plaintiff did not seek "to alter the state court's child support modification determination" for merely deciding the constitutional allegations would require the court "to re-examine and re-interpret all the evidence brought before the state court in the domestic relations proceedings"); *Neustein v. Orbach*, 732 F. Supp. 333, 339–40 (E.D.N.Y. 1990) (holding that the Court lacked jurisdiction because it could not resolve factual disputes connected to domestic relations).

### III.    State Law Claims

A district court "may decline to exercise supplemental jurisdiction over a claim [where it] has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Chinniah v. FERC*, 62 F.4th 700, 703 (2d Cir. 2023). Having dismissed Grijalva's federal claims for the reasons set forth above, the Court declines to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); *Cohen v. Postal Holdings, LLC*, 873 F.3d

394, 405 (2d Cir. 2017) (Calabresi, J., concurring) (the Second Circuit "takes a very strong position that state issues should be decided by state courts.")

Thus, any state law claims that may be liberally construed from the Complaint's allegations are dismissed without prejudice and with leave to replead in state court.

## IV.    Leave to Amend

Although "federal courts should liberally permit *pro se* litigants to amend their pleadings . . . leave to amend need not be granted when amendment would be futile." *Johnson v. Maximus Servs. LLC*, No. 22-cv-2935, 2023 WL 5612826, at *6 (citing *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016)) (quotation marks omitted). For the reasons set forth above, this Court lacks subject matter jurisdiction to adjudicate Grijalva's claims and that could not be cured with better pleading. Accordingly, because amendment would be futile, leave to amend the Complaint is denied and Grijalva's may pursue any valid claims he may have against the Defendants in state court.

## CONCLUSION

For the reasons stated above, this Court grants Grijalva's motion to proceed IFP (ECF No. 2) and dismisses his Complaint (ECF No. 1) without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) and Federal Rule of Civil Procedure 12(h)(3). Leave to amend the Complaint is denied and Grijalva may pursue his claims in state court.

The Clerk of the Court shall enter judgment accordingly and close this case. The Clerk of the Court shall also mail a copy of this Order to Grijalva at his address of record and note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
December 9, 2024

      /s/ Nusrat J. Choudhury      
NUSRAT J. CHOUDHURY
United States District Judge
